ROBERT E. ATKINSON, ESQ.
Nevada Bar No. 9958
Email:  robert@nv-lawfirm.com
**KUPPERLIN LAW GROUP, LLC**
8965 S Eastern Ave, Suite 350
Las Vegas, NV 89123
Telephone:  (702) 614-0600
Facsimile:  (702) 614-0647
*Counsel for David A. Rosenberg, Trustee*

E-filed: December 21, 2012

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| *In re:*  STEVEN GREGORY;  Debtor. | Case No.  10-20779-bam  Chapter 7 |
| **DAVID A. ROSENBERG, TRUSTEE**;  Plaintiff,  v.  **WELLS FARGO BANK, N.A. d/b/a AMERICA'S SERVICING COMPANY**;  Defendant. | Adv No.:  **COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS** |

David A. Rosenberg, solely in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Steven Gregory ("Debtor"), by and through his attorneys, Atkinson Law Associates, P.C., respectfully submits this adversary complaint against WELLS FARGO BANK, N.A. d/b/a AMERICA'S SERVICING COMPANY ("AMERICA'S SERVICING COMPANY" or "ASC") and alleges as follows:

///

-1-

**JURISDICTION and VENUE**

1. This adversary proceeding arises out of (and is related to) the voluntary chapter 7 case *In re*: STEVEN GREGORY, case no. 10-20779-bam (the "Bankruptcy Case"). This proceeding is brought pursuant to Federal Rule of Bankruptcy Procedure 7001.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 157 and 1334.

3. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(E), (F), and(O), because, inter alia:

    a. This Complaint seeks to determine and extent and validity of security liens and set aside and void unperfected liens pursuant to § 549 of the United States Bankruptcy Code (the "Code"); and

    b. The resolution of this action will affect the liquidation of assets of the estate pursuant to 28 U.S.C. § 157(b)(2)(O) .

4. If this adversary is determined to be noncore, Trustee consents to the entry of final orders or judgments by the bankruptcy judge.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

**PARTIES**

6. David A. Rosenberg is the duly appointed trustee in the above-captioned Chapter 7 bankruptcy case. The Trustee is authorized to bring this action pursuant to §§ 544 and 550 of the Bankruptcy Code.

7. Defendant Wells Fargo Bank, NA d/b/a America's Servicing Company is a corporation, which conducts business in the State of Nevada.

**FACTUAL ALLEGATIONS**

8. Debtor filed a Voluntary Petition under Chapter 7 in the United States Bankruptcy Court on June 10, 2010. See DE # 1 of the Bankruptcy Case.

9. On June 23, 2010, ASC filed a motion requesting relief from the automatic stay so that it could foreclose on the Property. DE # 10 in the Bankruptcy Case.

10. Defendant never exercised its rights, and foreclosure never occurred.

11. Subsequently, pursuant to an order from the court entered on March 5, 2012 in the Bankruptcy Case, Plaintiff was granted the authority to sell real property located at 283 Pear Meadow Street, Henderson, NV 89012 ("Property"), free and clear of liens and encumbrances. See DE # 65 in the Bankruptcy Case.

12. Plaintiff closed the sale and, after paying costs of sale and outstanding property taxes, the net proceeds totaled $101,098.18 ("the Proceeds").

13. Debtor does not claim any interest in the Proceeds.

14. Defendant ASC has not filed a proof of claim in the Bankruptcy Case.

15. Defendant has not presented the court with any evidentiary documentation (note, deed of trust, allonge or otherwise) that demonstrates any potential claim it may have.

**FIRST CAUSE OF ACTION**

[*DISALLOWANCE OF SECURED CLAIM*]

16. The Trustee repeats and re-alleges all of the above allegations, and thereby incorporates the same as if set forth fully herein.

17. The documents attached to Defendant ASC's Motion for Relief from Automatic Stay are insufficient to demonstrate that it is entitled to enforce the note and deed of trust.

18. Defendant ASC has not proved that it holds an interest in the note and deed of trust sufficient to have a valid secured claim against the Proceeds.

19. Therefore, Defendant ASC's alleged secured claims must be disallowed.

**SECOND CAUSE OF ACTION**

[*AVOIDANCE OF LIEN PURSUANT TO 11 U.S.C. §506(d)*]

20. The Trustee repeats and re-alleges all of the above allegations, and thereby incorporates the same as if set forth fully herein.

21. Bankruptcy Code §506(d) provides that, to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void.

-3-

22. Defendant is unable or has not proved that it holds an interest in the Proceeds to sustain a valid claim.

23. Defendant's claim, if it exists, is not an "allowed secured claim," as that term is defined in 11 U.S.C. §506.

24. 11 U.S.C. §551 provides that liens avoided pursuant to §506(d) are preserved "for the benefit of the estate." See *In re McClearn*, 384 B.R. 196, 198 (Bankr. W.D. Wis. 2007) (holding avoidance of mortgage on Chapter 7 debtor's residential property was preserved for the benefit of the estate).

25. Defendant's lien or any alleged interest in the Proceeds should be avoided, and preserved for the benefit of the bankruptcy estate.

## REQUESTED RELIEF

**WHEREFORE**, the trustee prays for an order as follows:

    a) Determining the validity of Defendant's lien, if any;

    b) Determining the amount and priority of Defendant's lien, if any; or in the alternative,

    c) Declaring that Defendant does not hold an interest in the Proceeds;

    e) For an award of plaintiff's fees and costs pursuant to 11 U.S.C. § 506(c); and,

    f) For such further and equitable relief as the court deems just in this case.

Dated:  December 21, 2012      **KUPPERLIN LAW GROUP, LLC**

    /s/ Robert Atkinson
ROBERT ATKINSON, ESQ.
Nevada Bar No. 9958
*Counsel for David A. Rosenberg, Trustee*

-4-